Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

SEP 8 2021

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

Carlton Brown

# 32507-083

*Your full name*

7017 2400 0001 0300 7004

**FEDERAL CIVIL RIGHTS
COMPLAINT / Affidavit
(*BIVENS* ACTION)**

v.

Warden Hudgins;
Captain Haggamyer (sic);
Operations Lieutenant (Doe);
Compound officers (Does 1-5).

*Enter above the full name of defendant(s) in this action*

Civil Action No.: 3:21-CV-146  Groh
*(To be assigned by the Clerk of Court)*  Trumble Sims

Request for Advisory Jury
for FTCA / Demand for
Jury Trial on Bivens action

## I.    JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**. The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II.    PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.    Name of Plaintiff: Carlton Brown Inmate No.: 32507-083
Address: POB 2000, USP Hazelton, Bruceton Mills, WV. 26525

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

---

Carlton Brown # 32507-083
Cert.# 7017 2400 0001 0300 7004

Bivens

**Attachment A**

B.    Name of Defendant: R. Hudgins
Position: Warden
Place of Employment: USP Hazelton, W.V.
Address: POB 2000 Bruceton Mills, W.V. 26525/
Sky View Dr., Bruceton Mills, W.V. 26525

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☑ Yes        ☐ No

If your answer is "YES," briefly explain: This defendant was Warden
on the job with responsibilities to provide duty of care;
safety, protection and proper supervision and
training of subordinates.

B.1    Name of Defendant: Captain Haggamyer (sic)
Position: Captain
Place of Employment: USP Hazelton, W.V.
Address: POB 2000 Bruceton Mills, W.V. 26525/
Sky View Dr., Bruceton Mills, W.V. 26525

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☑ Yes        ☐ No

If your answer is "YES," briefly explain: This defendant was
Captain on the job with responsibilities to provide
duty of care; safety; protection and proper training
and supervision of subordinates.

B.2    Name of Defendant: Operations Lieutenant (Doe)
Position: Operations Lieutenant
Place of Employment: USP Hazelton, W.V.
Address: Sky View Dr., Bruceton Mills, W.V. 26525

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☑ Yes        ☐ No

Carlton Brown # 32507.083
Cert:# 7017 2400 0001 0300 7004
Bivens

**Attachment A**

If your answer is "YES," briefly explain: This defendant was operations Lieutenant on the job with responsibilities to provide duty of care; safety; protection and proper training and supervision of subordinates.

B.3 Name of Defendant: John & Jane (Does 1-5)
Position: Compound officers
Place of Employment: USP Hazelton, WV.
Address: Sky View Dr., Bruceton Mills, WV. 26525

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred? ☑ Yes ☐ No

If your answer is "YES," briefly explain: These defendants were Compound officers on the job with responsibilities to provide duty of care; safety and protection.

B.4 Name of Defendant: _____
Position: _____
Place of Employment: _____
Address: _____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred? ☐ Yes ☐ No

If your answer is "YES," briefly explain: _____

Cert # 7017 2400 0001 0300 7004

Bivens

**Attachment A**

B.5   Name of Defendant: _____
Position: _____
Place of Employment: _____
Address: _____
_____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☑ Yes      ☐ No

If your answer is "YES," briefly explain: _____
_____
_____
_____
_____

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: USP Hazelton, WV. 26525

A.   Is this where the events concerning your complaint took place?
☑ Yes      ☐ No

If you answered "NO," where did the events occur?
_____ N/A _____

B.   Is there a prisoner grievance procedure in the institution where the events occurred?   ☑ Yes      ☐ No

C.   Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
☑ Yes      ☐ No

D.   If your answer is "NO," explain why not: __ N/A _____
_____
_____
_____

E.   If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

Carlton Brown #32507-083
Cert.# 70172400000103007004
Bivens

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:** Not required during pleading stage pursuant Jones v. Block, 549 US 199 (2007)(af—1

LEVEL 1 firmative defense of defendants).

LEVEL 2 _____

LEVEL 3 _____

## IV. PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?  ☐ Yes  ☑ No

B.  If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"   N/A

1.  Parties to this previous lawsuit:

  Plaintiff(s):_____

  Defendant(s):_____

2.  Court: _____
    *(If federal court, name the district; if state court, name the county)*

3.  Case Number:_____

4.  Basic Claim Made/Issues Raised: _____
  _____
  _____
  _____

5.  Name of Judge(s) to whom case was assigned:
  _____

6.  Disposition: _____
    *(For example, was the case dismissed? Appealed? Pending?)*

7.  Approximate date of filing lawsuit:_____

Carltree Brown FC-3390-083
CerT# 7017 2400 0001 0300 7004
Bivens

**Attachment A**

8.    Approximate date of disposition. Attach Copies:_____

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
    ☐ Yes    ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.

_____
_____
_____
_____

E.    Did you exhaust available administrative remedies?
    ☐ Yes    ☑ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.

_____
_____
_____
_____

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS" N/A

1.    Parties to previous lawsuit:

Carlton Brown #32507-083
Cert: 7017 2400 0001 0300 7004
Bivens

Attachment A

Plaintiff(s): _____

Defendant(s): _____

N/A

2.    Name and location of court and case number:

_____

_____

_____

3.    Grounds for dismissal:    □ frivolous    □ malicious    N/A
      □ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: _____ N/A _____

5.    Approximate date of disposition: _____ N/A _____

## V.    STATEMENT OF CLAIM

*State here, as* **BRIEFLY** *as possible, the* facts *of your case. Describe what* each *defendant did to violate your constitutional rights.* **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** *Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph.* **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)**

CLAIM 1: Defendants Warden Hudgins, Captain Heaganyer (Sic), Lt. (Doe); were deliberate indifferent to plaintiff's safety and failed to respond reasonably to risk to plaintiff, that resulted in serious injury. In violation of the 8th amendment.

Supporting Facts: 1). On or about February 3, 2021 plaintiff was incarcerated at USP Hazelton, WV. in Unit C2 under the custody and responsibility of Warden R. Hudgins

Brown v. Warden R. Hudgins, et. al.
No. 70172400 0001 0300 7004
Bivens (claim 1 - supporting facts)/
fully Incorporated :p.13-14

_____

p.2

and the shift operations Lieutenant (Doe) including
Compound officers (Does 1-5) were responsible for
providing a "clear path" for the safety of all inmates
accessing the recreation yard on february 3, 2021.
   4). These defendants Knew that a high probability
of danger and risk of Injury to inmates existed due to
the adverse weather conditions of ice and snow and did
nothing to provide a "clear path" on the recreation
yard for access by inmates.
   5). On february 3, 2021 plaintiff attended recreation
outside where several compound officers (Does 1-5)
placed him in the recreational yard.
   6). The recreation yard is separated by fence and
divided into (3) separate areas. Plaintiff was placed
in recreation yard (#3) as believed, with "no clear
path" of snow and ice for accessibility.
   7). Plaintiff while on what is believed to be yard
(#3), slipped and fell on the ice while walking,
breaking his right ankle in several places.
   8). Compound officers did not respond to this emergency.
   9). Upon yard recall compound officers noticed plaintiff
being assisted to walk and ambulate and were told
of the incident. These compound officers Does (1-2)
simply opened the gate asking if plaintiff was "okay",
and after learning of the incident and possible injuries,
did not contact the medical department of the prison,

Brown v. Warden R. Hudgins, et. al.
No. 7017 2400 0001 0300 7004
Bivens (claims 1-2. Supporting facts)/
fully Incorporated : p. 13-14

---

p.3

and simply stood by and watched other inmates assist
plaintiff to his housing unit in severe pain. a wanton
infliction of pain by these defendants compound
officers (Does 1-2), as violating the 8th amendment
of deliberate indifference(s) of plaintiff's constitutional rights.

Claim 2: Supporting facts (continued):

11). Defendant Warden R. Hudgins personal involve-
ment in the injury to plaintiff as a supervisor was
'supervisory indifference' or 'tacit authorization' of
the constitutional injur-(ies) inflicted by his subordinates
on the plaintiff by and through failure to provide
adequate training or supervision of defendants
Captain Haggamyer (sic), Lt. (Doe) and compound
officers (Does 1& 5) on february 3, 2021.
12). Defendant Captain Haggamyer (sic) personal
involvement in the injury to plaintiff as a supervisor
was 'supervisory indifference' or 'tacit authorization'
of the constitutional injur-(ies) inflicted by his subordinates
on the plaintiff by and through failure to provide
adequate training or supersion of defendants
operations Lieutenant (Doe) and compound officers
(Does 1-5) on february 3, 2021.
13). Defendant Lieutenant of operations (Doe) personal

Carlton Brown # 33501-085
No. 7017 2400 0001 0300 7004
Bivens

2). On February 3, 2021 the recreation yard at USP Hazelton WV. was covered with ice and snow without a "clear path" for inmates to walk or jog or otherwise access.
3). The Warden R. Hudgins; Captain Haggamyer (sic) ... (continued)...

CLAIM 2: Defendants Warden R. Hudgins; Captain Haggamyer-(sic); LT. (Doe) were deliberate Indifferent to plaintiff's safety in failure to adequately train or supervise subordinates that resulted in serious injury, In violation of the 8th amendment.

Supporting Facts: Plaintiff fully Incorporates claim (1), para. 1-9 herein by reference.
10). Defendants Warden R. Hudgins; Captain Haggamyer-(sic); and Lieutenant of operations (Doe) were in a supervisors capacity on day of injury on February 3, 2021.. (continued)...

CLAIM 3: Defendants R. Hudgins; Captain Haggamyer (sic); Operations Lieutenant (Doe) were deliberate indifferent to plaintiff's serious medical needs failing to provide adequate training and supervision of medical staff resulting in injury and wanton infliction of pain and suffering. In violation of the 8th amendment.

Supporting Facts: Plaintiff fully Incorporates claim (1), para 1-9 herein by reference.
15). On February 3, 2021 plaintiff fell on ice in the recreation yard at USP Hazelton, WV. breaking his right ankle in several places.... (continued)...

CLAIM 4: _____
_____
_____
_____
_____

Supporting Facts: _____
_____

Brown v. Warden R. Hudgins, et. al.
No. 7017 2400 0001 0300 7004
Bivens (claims 2; supporting facts)/
Fully Incorporated: p. 14

p.4

involvement in the injury to plaintiff as a supervisor
was 'supervisory indifference' or 'tacit authorization'
of the constitutional injur(ies) inflicted by his subordinates
on the plaintiff by and through failure to provide
adequate training or supervision of defendants
compound officers (Does 1-5) on February 3, 2021.

14). Defendants herein supervisors Warden R. Hudgins;
Captain Haggamyer; Lieutenant of operations (Doe)
[ALL] were deliberate indifferent to the safety of the
plaintiff in their supervisory capacities for failure to
provide adequate training or supervision in their
personal involvement of subordinates constitutional
injury of the 8th amendment of plaintiff's on or
about February 3, 2021 that resulted in a wanton
infliction of pain and suffering of a broken ankle
derived from known adverse weather conditions
of snow and ice that posed a serious risk to safety
of the plaintiff by failure to provide a "clear path"
for accessibility in the recreational yard. In violation of the
8th amendment of plaintiff's constitutional rights.

Claim 3: Supporting facts (continued):

16). Upon plaintiff returning to his housing unit
assisted by other inmates, unit C2 officers contacted
the medical dept. at USP Hazelton, WV. Medical staff
on duty that day February 3, 2021 were Paramedic

12

Brown v. Warden R. Hudgins, et. al.
No. 70172400 0001 0300 7004.
Bivens (claim 3; supporting facts)/
Fully Incorporated: p.14
p. 5

Irving (sic); P.A. Leigh Byrd and FRN J. Ryles who refused to see plaintiff for his broken ankle. It is believed that either Ms. Davidson or Irving (sic) received the medical call from unit C2 officers on February 3, 2021, regarding plaintiff's injuries.

17). Plaintiff was forced to ambulate, walk and work on a broken ankle for days without any prosthetics, pain medicines or medical duty restrictions issued causing severe pain, swelling and further damage.

18). Plaintiff's daughter Candice Wyatt repeatedly called USP Hazelton over the next two days and on February 5, 2021 Ms. Wyatt finally spoke with medical personnel M. Davidson.

19). After this conversation between Ms. Wyatt and Ms. Davidson, paramedic Irving (sic) brings plaintiff crutches that were too small on February 5, 2021 around 2pm or so.

20). Plaintiff was then called to the medical dept. on February 5, 2021 and had to use inadequate prosthetics to try ambulating and walking to medical on the otherside of the compound, a very long distance. No wheelchair provided.

21). Plaintiff was then seen by P.A. Leigh Byrd who had X-rays taken on February 5, 2021, finding several breaks in the bone and then wrapped the foot and applied a soft cast, issuing crutches.

13

Brown v. Warden R. Hudgins, et. al.
No. 7017 2400 0001 0300 7004
Bivens (claim 3; supporting facts)/
fully Incorporated; p. 14

p. 6

22). However PA. Leigh Byrd did not issue an injury report or a medical duty status restricting plaintiff's duties on his job at the laundry dept. that forced plaintiff to work on a broken ankle contributing to continuous swelling, pain and deformity.

23). Because no restrictions on work detail was issued, plaintiff was forced to work under penalty and threat of punitive actions for refusing to work. The refusal to issue restrictions of work detail did not allow for proper healing that contributed to the continuous swelling, pain and deformity and restricted use of plaintiff's foot.

24). On or about July 12, 2021 plaintiff was seen again by FRN. J. Ryles who noticed the continued swelling and ordered an orthopedist consult.

25). Plaintiff continued to have severe pain, swelling, deformity and limited use of his foot for months.

26). Plaintiff was not afforded to see an outside doctor or any doctor for that matter from February 3, 2021 to the time of this complaint, now over 5 months! An unreasonable delay in adequate care and a wanton infliction of pain.

27). Scheduling of outside appointments are the duties and responsibility of the HIT clerk and supervisors HSA K.E. Blanke and AHSA Tuttle, who report to the

14

Brown v. Warden R. Hudgins, et. al.
No. 70172400 000103007004
Bivens (claim 3; supporting facts)/
Fully Incorporated; p. 14
                              p. 7

Warden according to BOP Policy.

28). Defendants Warden R. Hudgins; Captain Haggamyer (sic) and operations Lieutenant (Doe) had supervisory duties over Irving (sic); Byrd and Pyles and/or HSA K. E. Blanke and AHSA Tuttle and further responsibility of duty of care; safety and protection owed to plaintiff on February 3, 2021 to present to assure that plaintiff received [either]:

1). emergency care on February 3, 2021 for his initial injuries;

2). reasonable continued care and adequate supervision by medical staff Irving (sic), Byrd; Pyles; Blanke and Tuttle;

3). reasonable care under adequate supervision on February 5, 2021 regarding: a). seeing a doctor within 24hrs of serious injury; b). adequate scheduling for consult orthopedist; c). proper restrictive work duties; d). proper injury report and medical records;

29). As a result of failure to provide adequate training and supervision of medical staff, plaintiff has suffered limitations on daily activities, e.g. No sports;

Brown v. Warden R. Hudgins, et.al.
No. 7017 2400 0001 0300 7004
Bivens (claim 3; supporting facts) /
fully Incorporated; p. 14

p. 8

Jogging, running or lifting heavy objects that causes severe pain, swelling and ambulation problems. 30). Plaintiff claims that such constitutes deliberate indifference to plaintiff's serious medical needs. by failing to provide adequate training and supervision of medical staff in a wanton Infliction of pain and suffering in violation of plaintiff's 8th amendment rights.

Carlton Brown # 3580-088
No. 7017 2400 0001 0300 7004
Bivens

**Attachment A** 16

CLAIM 5: _____

Supporting Facts: _____

VI. <u>INJURY</u>

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

Injuries: 1). permanent and substantial deformity of right foot; 2). limited use of right foot; 3). Mental Anguish; 4). Chronic Pain & suffering; 5). 8th amendment constitutional Injury; Damages: Award damages Jointly and severally of $50,000.00 per Defendant per claim of found liability, compensatory and $100,000.00 punitive damages per defendant per claim of found liability. Cost of Court and attorney fees awarded any Interest if applicable

VII. <u>RELIEF</u>

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

1. Order Summons served with Complaint on all defendants by US Marshall.
2. Order Jury trial
3. Order Any relevant meeting of parties; discovery and scheduling by the Court.
4. Upon any guilty Jury verdict order the above compensatory and punitive awards to be paid within (45) days of Judgment.
5. Order payment of Court Cost by defendants upon guilty verdict.
6. Order payment of Attorney Fees.
7. Join FTCA and Bivens actions together with advisory Jury for FTCA.

Carlton Brown
No. 7017 2400 0001 3007004
Bivens

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___USP Hazelton, WV.___ on ___9/1/21___ .
              (Location)                        (Date)

X _Carlton Brown_
Your Signature

Certificate of Service

I depose under penalty of perjury 28 USC 1746 that a copy was deposited with exhibits with prison officials to:

1). Clerk of Court
   US District Court
   POB 2857 / Room 301
   Clarksburg, WV. 26302

[OR]

2). Clerk of Court
   U.S District Court
   1125 Chaplin St. #247
   Wheeling, WV. 26003

this day 9/1 2021
X _Carlton Brown_
Carlton Brown # 32507-083
POB 2000 USP Hazelton
Bruceton Mills, WV. 26525